# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOGENDER SINGH,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

Case No. 1:26-cv-00097-KES-SAB-HC

FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, represented by counsel, is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

On January 9, 2026, the Court granted Petitioner's motion for a preliminary injunction, ordered Petitioner released from custody, and referred the matter to the undersigned for further proceedings, including the preparation of findings and recommendations on the petition or other appropriate action. (ECF No. 8.) On January 21, 2026, Respondents filed a response and Petitioner filed a reply. (ECF Nos. 13, 14.)

**II.**

**DISCUSSION**

The Court previously ordered Respondents to show cause "as to whether there are any factual or legal issues in this case that render it distinguishable from the Court's prior orders in

1

*Clene C.D. v. Robbins, Carmen G.C. v. Robbins, Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford* and justify denying the motion, or indicate the matter is not substantively distinguishable." (ECF No. 4.) As Respondents had "not identified any factual or legal issues in this case that render it distinguishable from the Court's prior decisions," the district judge granted a preliminary injunction and ordered Petitioner released "for the reasons stated in those prior orders." (ECF No. 8 at 2.[1])

Respondents argue that because Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)" and "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress," the petition should be denied. (ECF No. 13 at 1, 2.) Such arguments have been rejected by this Court in the previous decisions set forth in the order granting preliminary injunction. (ECF No. 8 at 2.)

Alternatively, Respondents argue that the Court should hold the matter in abeyance pending the Ninth Circuit's resolution of Rodriguez Vazquez v. Bostock, No. 25-6842. (ECF No. 13 at 2.) Respondents also note:

> Two district courts within the Ninth Circuit have recently vacated or stayed the Department of Homeland Security's July 8, 2025 "Interim Guidance Regarding Detention Authority for Applicants for Admission" -- which takes the position that all applicants for admission within the meaning of 8 U.S.C. 1225(a) are subject to mandatory detention under 8 U.S.C. 1225(b) -- as contrary to law under the Administrative Procedures Act. *Maldonado Bautista v. Noem*, No. 5:25-cv-01873, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) (vacating the guidance); *Garro Pinchi v. Noem*, No. 25-cv-05632, 2025 WL 3691938 (N.D. Cal. Dec.19, 2025) (staying the guidance within ICE's San Francisco area of responsibility, an area that includes the Eastern District of California, pending final resolution of the APA claim). The government has appealed the *Maldonado Bautista* judgment to the Ninth Circuit. Ninth Circuit docket No. 25-7958, but neither the district court nor the Ninth Circuit has issued a stay of the district court's order.

(ECF No. 13 at 1 n.1.)

"Until [2025], the DHS has applied § 1226(a) and its discretionary release and review of detention to the vast majority of noncitizens allegedly in this country without valid documentation. This practice was codified by regulation." Salcedo Aceros v. Kaiser, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *3 (N.D. Cal. Sept. 12, 2025). In its briefing in Salcedo Aceros, "the Government acknowledge[d] that 'until recently,' it considered § 1226(a)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

to be an available detention authority for noncitizens who might also be subject to § 1225." Id. (citation omitted).

> On July 8, 2025, the Department of Homeland Security (DHS) instituted a notice titled "Interim Guidance Regarding Detention Authority for Applicants for Admission." [Dkt. No. 5-2 at 45–46, "DHS Guidance Notice" or "DHS Policy"]. The Notice communicated DHS's choice, in coordination with the Department of Justice ("DOJ") to "revisit[ ] its legal position on detention and release authorities," determining that Section 235 of the Immigration and Nationality Act ("INA") would serve as the applicable immigration detention authority rather than Section 236 for all "applicants for admission." [*Id.*]. In other words, the change in policy requires ICE employees to consider anyone arrested in the United States and charged with being inadmissible as an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A). Under § 1225(b)(2)(A), "applicants for admission" are subject to mandatory detention for proceedings under 8 U.S.C. § 1229(a) and not entitled to the due process protections found within § 1226(a).

Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). In Maldonado Bautista, the United States District Court for the Central District of California found that "the DHS policy is unlawful" and "the interpretation in *Yajure-Hurtado*, 29 I. & N. Dec. 216, which contradicts the Court's reasoning is no longer controlling." 2025 WL 3713987, at *12. The district court vacated the DHS Policy under the Administrative Procedure Act. Id. at *22. The court certified the "Bond Eligible Class," which is defined as:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

Maldonado Bautista, 2025 WL 3713987, at *32.

In Rodriguez Vazquez v. Bostock, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), the district court granted summary judgment "to the Bond Denial Class on their claims that their detention under 8 U.S.C. § 1225(b)(2) is unlawful." Id. at 1336. The Bond Denial Class is defined as:

> [A]ll noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

Rodriguez Vazquez, 802 F. Supp. 3d at 1336. The district court declared "that Bond Denial Class

members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)" and that "the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act." Rodriguez Vazquez, 802 F. Supp. 3d at 1336.

Although the Ninth Circuit's resolution of Rodriguez Vazquez and Maldonado Bautista may provide guidance on the application of 8 U.S.C. §§ 1225 and 1226, the Court is skeptical the decisions will impact the Court's conclusion that Petitioner has a protected liberty interest that arises from his prior release from immigration custody. See, e.g., Clene C. D. v. Robbins, No. 1:25-cv-01463-KES-SKO (HC), 2025 WL 3492118, at *5 (E.D. Cal. Dec. 4, 2025) ("Even if section 1225(b) *did* apply, petitioner has a protected liberty interest based on the government's prior representation to her that her release was pursuant to section 1226, combined with the eleven months she spent at liberty while relying on that representation.").

Accordingly, the Court will recommend that the petition be granted for the reasons stated in the order granting preliminary injunction.[2]

### III.

### RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be GRANTED on the second claim for relief.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate

---

[2] In light of this conclusion, and given that Respondents do not address Petitioner's Fourth Amendment and Administrative Procedure Act claims whatsoever, the Court declines to address Petitioner's other claims for relief.

Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 30, 2026**

STANLEY A. BOONE
United States Magistrate Judge