**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOGENDER SINGH, | Case No. 1:26-cv-0097 KES SAB (HC) |
| Petitioner, | A-Number: 241-317-632 |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |
| | Docs. 1, 15 |

Petitioner Jogender Singh is a former immigration detainee proceeding with counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See generally* Doc. 1.

On January 7, 2026, Petitioner filed a motion for temporary restraining order. Doc. 3. The Court converted the motion into one for a preliminary injunction, granted the preliminary injunction, and ordered Respondents to release Petitioner. The Court referred the matter to the magistrate judge for further proceedings. Doc. 8.

On January 30, 2026, the magistrate judge issued findings and recommendations recommending the Court grant the petition for writ of habeas corpus on the second claim for relief "for the reasons stated in the order granting preliminary injunction." Doc. 15 at 4. The magistrate judge noted that Respondents did not address the Fourth Amendment and Administrative Procedure Act claims, and the magistrate judge declined to address those grounds

1

in the petition. *Id.*, n.2. Respondents filed timely objections, maintaining the arguments previously made to the Court. Doc. 16.

Respondents also contend the matter should be held in abeyance pending the appeals in *Rodriguez v. Bostock*, Ninth Circuit Case No. 25-684, and *Benavides Carballo v. Andrews*, Ninth Circuit Case No. 25-6533 (E.D. Cal. 1:25-cv-00978-KES-EPG). Doc. 16 at 1. *Rodriguez* concerns the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *Benavides Carballo* concerns an as-applied constitutional challenge to detention under § 1226(c). But Respondents do not argue that Petitioner is subject to § 1226(c), and here immigration officials did previously apprehend Petitioner, and they released him after implicitly determining that he did not pose a flight risk or a danger. The issue is whether the due process clause requires a pre-deprivation hearing prior to his re-detention. Given the different circumstances in this case, and the nature of the relief requested, the Court declines to hold the case in abeyance.

Consistent with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis. The Court **ORDERS**:

1. The findings and recommendations issued on January 30, 2026 (Doc. 15) are **ADOPTED** in full.

2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** on the second claim for relief.

3. If the government seeks to re-detain Petitioner Jogender Singh (A-Number 241-317-632) it **SHALL** provide no less than seven (7) days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.

///

///

4.      The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:    April 27, 2026

_____
UNITED STATES DISTRICT JUDGE

3